## HILL v. STANFA.
### No. 4742.

Court of Appeal of Louisiana. Second
Circuit.
May 4, 1934.

Matthew C. Redmond and Dhu Thompson,
both of Monroe, for appellant.

Madison, Madison & Fuller, of Monroe,
for appellee.

MILLS, Judge.

Bad feeling having developed between the
three Hill boys and an equal number of the
Jones negro clan, all six met by arrangement
at about 8 o'clock on the night of May 5,
1931, on the Winnsboro highway in the out-
skirts of Monroe, to fight it out. The spot
selected was about one block from the com-
bined store, filling station, and two-story
home of Nick Stanfa and his wife. Accord-
ing to the testimony of the combatants, it
was to be a very high-class gentlemanly
fracas. Not one of them was armed, with
so much as a stick. The language used was
softly spoken and entirely parliamentary in
character. But there is a black sheep in ev-
ery flock. In this case it was Garland Hill,
who with ruffianly candor admits that there
was loud talking, loud cursing by all con-
cerned, and a disturbing of the peace.

The debate was just warming up when it
was rudely interrupted by a fusillade of
shots, one of which struck Elias Hill in the
hip, inducing him to make a dive into the
ditch. All six of the disputants, and no one
else, testify that there were eight shots fired
with great rapidity from the second floor of
the Stanfa home a block away. Despite the
dark night and keen interest in the matter
under discussion and a pardonable tendency
to go hence after the shooting began, they all
contend that they saw the flashes, like a
blaze from a cannon, coming from Nick Stan-
fa's place. They say his house was dark
and that they could not distinguish the shoot-
er.

Elias brings this suit to recover of Nick
the damage he has suffered because of the
alleged wanton shooting. He was a little
handicapped in showing enough disturbance
to aggravate Stanfa to a shooting pitch and
at the same time avoid a criminal prosecu-
tion for a disturbance of the peace, having
very shortsightedly summoned the superin-
tendent of police as a witness. Elias also
had some trouble explaining how a simple
oral argument could be so forceful as to in-
flict a three-inch wound upon his head of
such a character as to be more reasonably
attributable to a blow from some blunt in-
strument.

Because of these conflicts and improbabil-
ities, the trial judge attached greater weight
to the defense testimony and rejected the
demands of plaintiff.

For the defendant, a Mrs. Green, who lives
across the highway from defendant's abode,
says that her attention was attracted on the
night in question by a general fight among
a bunch of negroes down the road. The
arena was illuminated by the headlights of
a parked truck. In order to better enjoy
the show, she took a seat on the sidewalk
in front of her place. She saw one negro
knocked to the ground with a club and four
or five shots fired in the mêlée. She says
that Stanfa and his wife came out on the
downstairs porch of their house and that
she asked Nick to call the police. She is
positive that no shots were fired at any time
from the Stanfa premises.

Nick and his wife both testify that they
closed up their place at 8 o'clock and were
eating supper downstairs when the fight
started, that they went out on the down-
stairs porch to see what was happening, as
testified by Mrs. Green, and that Nick had
called "the law" before Mrs. Green asked him
to do so.

The superintendent of police says that
Nick Stanfa informed him over the phone
of the racket, that he went immediately to
the scene, but that all the combatants had

fied before his arrival. No criminal charges were filed.

■■ Considering the evidence in the case and the well-settled rule that a judgment of the trial court on a question of fact will only be disturbed when manifestly erroneous, we are of the opinion that the judgment appealed from should be, and accordingly is, affirmed.